```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**RODERICK L. GRIFFIN**                                      CIVIL ACTION

**VERSUS**                                                   **NO. 12-2932**

**JERRY GOODWIN**                                            SECTION "R"(5)


                         REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. §2254(e)(2).  IT IS HEREBY RECOMMENDED that the instant petition be **DISMISSED WITH PREJUDICE** as time-barred.

I.   STATE COURT PROCEDURAL BACKGROUND[1]

The petitioner, Roderick L. Griffin, is currently incarcerated in the Wade Correctional Center in Homer, Louisiana.  Griffin was charged by bill of information with distribution of cocaine, a

---

[1] A portion of the procedural background was taken from the Louisiana First Circuit Court of Appeal's opinion, State v. Griffin, 24 So.3d 1030 (Table), 2009 WL 3452980 (La. App. 1st Cir. 10/23/09).  St. Rec. Vol. 6 of 8.

violation of La. R.S. 40:967(A)(1).[2]  Griffin pled not guilty and, following a trial by jury in the Twenty-Second Judicial District Court for the Parish of St. Tammany, was found guilty as charged. Griffin was sentenced to 15 years at hard labor with the first two years of the sentence to be served without the benefit of parole, probation, or suspension of sentence.  Griffin was subsequently adjudicated a third-felony habitual offender.  The trial court vacated Griffin's 15-year sentence and sentenced him to 30 years at hard labor with the first two years to be served without the benefit of parole, probation, or suspension of sentence.

On October 23, 2009, the Louisiana First Circuit Court of Appeal affirmed Griffin's conviction, habitual offender

---

[2]Griffin was originally charged with distribution of cocaine and with possession with intent to distribute cocaine, in violation of La. R.S. 40:967(A)(1).  Following trial, he was found guilty as charged.  Griffin was sentenced to concurrent terms of fifteen years at hard labor for each conviction.  He was adjudicated a third-felony habitual offender and sentenced to thirty years at hard labor.  Griffin appealed his convictions and sentences.  The Louisiana First Circuit reversed the convictions and habitual offender adjudication, vacated the sentences, and remanded for new trials.  The state appellate court found error in both the consolidation of the offenses and the denial of the motion to suppress the evidence.  See State v. Griffin, 984 So.2d 97 (La. App. 1st Cir. 2/8/08).  On June 24, 2008, the State proceeded to trial on the distribution of cocaine charge only.

adjudication and sentence.[3]  On May 21, 2010, the Louisiana Supreme Court denied Griffin's writ application without opinion.[4]

Griffin's conviction became final 90 days later, on August 19, 2010, when he did not file a writ application with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir.2003) (citing 28 U.S.C. §2244(d)(1)(A); Flanagan v. Johnson, 154 F.3d 196, 200-01 (5th Cir.1998)); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.1999) (citing 28 U.S.C. §2244(d)(1)(A)); U.S. Sup.Ct. R. 13(1).

On September 13, 2010, Griffin submitted an application for post-conviction relief with the state district court.[5]  On December 14, 2010, the state district court denied relief.[6]

On December 27, 2010, Griffin filed a writ application, 2010-KW-2365, with the Louisiana First Circuit Court of Appeal seeking relief from the district court's adverse decision.[7]  On April 13, 2011, the Louisiana First Circuit denied Griffin's writ

---

[3]State v. Griffin, 24 So.3d 1030 (Table), 2009 WL 3452980 (La. App. 1st Cir. 10/23/09).  St. Rec. Vol. 6 of 8.

[4]State v. Griffin, 36 So.3d 227 (La. 2010).  St. Rec. Vol. 6 of 8.

[5]St. Rec. Vol. 6 of 8.

[6]St. Rec. Vol. 7 of 8.

[7]Id.

3

application.[8]  On April 21, 2011, Griffin filed with the Louisiana First Circuit a petition for rehearing.[9]  On July 18, 2011, the state appellate court issued an Order, providing:  "**REQUEST FOR REHEARING NOT CONSIDERED**.  An application for rehearing will not be considered if this Court denied the original writ application.  See Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9."[10]  On August 8, 2011, Griffin filed a writ application, 2011-KH-1789, with the Louisiana Supreme Court seeking relief from the appellate court's adverse decision in Case No. 2010-KW-2365.[11]  On October 8, 2012, the Louisiana Supreme Court denied Griffin's writ application without opinion.[12]

---

[8] State v. Griffin, No. 2010-KW-2365 (La. App. 1st Cir. 04/13/11).  St. Rec. Vol. 7 of 8.

[9] St. Rec. Vol. 7 of 8.

[10] State v. Griffin, No. 2010-KW-2365 (La. App. 1st Cir. 07/18/11).  St. Rec. Vol. 7 of 8.
Inexplicably, the Louisiana First Circuit treated the same petition for rehearing as a separate writ application, No. 2011-KW-766.  See St. Rec. Vol. 8 of 8.  On August 15, 2011, the Louisiana First Circuit denied the writ application without opinion.  State v. Griffin, No. 2011-KW-766 (La. App. 1st Cir. 08/15/11); St. Rec. Vol. 8 of 8.  Griffin did not seek relief from the Louisiana Supreme Court in connection with the appellate court's adverse decision in Case No. 2011-KW-766.

[11] St. Rec. Vol. 7 of 8.

[12] State ex rel. Griffin v. State, 98 So.3d 865 (La. 2012).

4

II.  <u>FACTS</u>[13]

On April 19, 2006, Detective Fred Ohler, with the Slidell Police Department, was an agent on the parish-wide Narcotics Task Force. A confidential informant advised Detective Ohler that the defendant, also known as "Slim," was selling crack cocaine in St. Tammany Parish. The confidential informant arranged a meeting between Detective Ohler and the defendant.

Detective Ohler met the defendant at the Country Club Trailer Park in Slidell. They exited their vehicles, and the defendant introduced himself as "Slim." They shook hands. During the handshake, the defendant handed Detective Ohler a cellophane bag with 2.86 grams of crack cocaine in it. Detective Ohler asked what the price was, and the defendant told him it was $200. Detective Ohler told the defendant he had only $160. The defendant took the money. They agreed that Detective Ohler could pay the difference later. At trial, Detective Ohler identified the defendant in court as the person who sold him crack cocaine on April 19, 2006.

III. <u>FEDERAL HABEAS PETITION</u>

On November 20, 2012, Griffin filed a petition for writ of habeas corpus under 28 U.S.C. §2254.[14] Griffin raises the following claims:  1) Prosecutorial misconduct.  2) Denial of a complete

---

[13]The facts are taken from the Louisiana First Circuit's opinion, <u>State v. Griffin</u>, 24 So.3d 1030 (Table), 2009 WL 3452980 (La. App. 1st Cir. 10/23/09).  St. Rec. Vol. 6 of 8.

[14]Rec. Doc. No. 1.

5

record on appeal and insufficient evidence. 3) Ineffective assistance of appellate counsel. 4) Ineffective assistance of trial counsel. 5) Failure of trial judge to recuse himself. 6) Failure of trial judge to recuse the district attorney's office.[15] The State filed a response, arguing that Griffin's petition is not timely filed under federal law and that Griffin has failed to exhaust his state court remedies.[16]

IV. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. §2254. The AEDPA went into effect on April 24, 1996[17] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998)(citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Griffin's petition.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court

---

[15] Rec. Doc. No. 1.

[16] Rec. Doc. No. 13.

[17] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

6

remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. §2254(b),(c)).

The Court finds that Griffin's federal petition is untimely and should be dismissed for that reason.[18]

V.   STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his §2254 petition within one year of the date his conviction became final.[19] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). Griffin's conviction became final on August 19, 2010, when he did not file a writ application with the United States Supreme Court. Thus, under a literal application of the statute, Griffin had until August 19, 2011, to file his federal habeas petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled, but only when the petitioner has

---

[18] In light of the Court's finding of untimeliness, it is unnecessary for the Court to address the exhaustion issue raised by the State.

[19] The statute of limitations provision of the AEDPA sets forth other triggers for the running of prescription. None of the other triggers are applicable in this case.

pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Griffin asserts that he is entitled to equitable tolling because he had "inadequate access to [a] law library and [to] persons trained in the law."[20] However, it is well-established that a prisoner's lack of access to a law library and/or inmate legal counsel do not provide a basis for tolling his prescriptive period. As the court explained in Rood v. Quarterman, 2009 WL 2018991, *2 (S.D. Tex. July 10, 2009), a "petitioner's allegations of pro se status and limited access to law libraries and other resources are incident to ordinary inmate status ... and do not constitute grounds for statutory or equitable tolling of limitations." See also Horne v. Cain, 2010 WL 1332977, *6 (E.D.La. Feb. 24, 2010) (Knowles, MJ), adopted, 2010 WL 1333055 (E.D.La. Mar. 29, 2010)

---

[20]Rec. Doc. No. 16, p. 6.

8

(Vance, J); Bunley v. Jones, 2009 WL 2868427, *3 (E.D.La. Aug. 11, 2009) (Moore, MJ), adopted as modified, 2009 WL 2868424 (E.D.La. Aug. 31, 2009) (McNamara, J).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan v. Johnson, 154 F.3d 186, 99 n. 1 (5th Cir.1998). The Supreme Court has clearly described this provision as a tolling statute. Duncan v. Walker, 533 U.S. 167, 175–78, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's]

9

> conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n. 1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. 8/27/98)(Table, Text in Westlaw); Gray v. Waters, 26 F.Supp.2d 771, 771-72 (D.Md.1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-07 n. 4 (5th Cir.2000)(quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir.2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir.2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'"

The one-year AEDPA limitations period began to run in Griffin's case on August 20, 2010, the day after his conviction was final. The limitation period ran without interruption for 24 days, until September 13, 2010, when Griffin submitted an application for post-conviction relief with the state district court. Griffin continually pursued post-conviction relief, and prescription remained tolled, until April 13, 2011, when the Louisiana First Circuit Court of Appeal denied his post-conviction writ application.

Pursuant to Rule X, §5(a) of the Rules of the Louisiana Supreme Court, Griffin had 30 days from April 13, 2011, until May 13, 2011, to file a writ application with the Louisiana Supreme Court seeking review of the Louisiana Fifth Circuit's decision denying post-conviction relief.[21] Instead of meeting this deadline, however, Griffin filed, on April 21, 2011, an application for rehearing with the state appellate court.

---

[21] Louisiana Supreme Court Rule X, Section 5(a) provides: An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial or rehearing or the judgment on rehearing. No extension of time therefor will be granted.

Griffin's application for rehearing in the Louisiana First Circuit Court of Appeal was not allowed by state procedural rules and, therefore, was not a proper filing. Specifically, Rule 2-18.7 of the Uniform Rules-Court of Appeal, states that an application for rehearing in connection with a writ application will be considered by a state appellate court only when a writ application has been <u>granted</u> on the merits. Griffin's writ application was denied. As such, he had no right to seek a rehearing. The Louisiana First Circuit, pursuant to Rule 2-18.7, specifically refused to consider Griffin's application for rehearing, advising that such an application will not be considered if the original writ application was denied.[22]

Because Griffin's rehearing application was not properly filed, it did not toll the one-year limitations period. <u>See</u> <u>Gaudet v. Cain</u>, 31 Fed. Appx. 835 (5th Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 1075 (2002) (application for rehearing with Louisiana appellate court "did not toll the AEDPA limitations period"); <u>Shoemaker v. Cain</u>, 2012 WL 1965409, *3 (M.D. La. April 10, 2012) (Dalby, MJ), adopted, 2012 WL 1964039 (M.D. a. May 31, 2012) (Jackson, J) (because petitioner's application for rehearing was not allowed under state procedural rules, it was not properly filed and did not toll the one-year limitations period). As there was no tolling of

---

[22] <u>See</u> <u>supra</u> at p. 4.

prescription, Griffin failed to file his writ application with the Louisiana Supreme Court within the 30 days required under Rule X, §5(a) of the Rules of the Louisiana Supreme Court.[23]  Due to the late filing, Griffin's writ application to the Louisiana Supreme Court did not toll prescription.  As the Fifth Circuit held in Williams v. Cain, 217 F.3d 303, 310-311 (5th Cir. 2000), because petitioner failed to comply with Louisiana Supreme Court Rule X, §5(a) by filing his writ application within 30 days after the state appellate court denied relief, and because Rule X, §5(a) expressly prohibits any extension of the 30-day time limit, no tolling applies.

Accordingly, Griffin's statute of limitations commenced to run on May 14, 2011, and continued to run until it expired on April 21, 2012.  Griffin did not file the instant action until approximately seven months later, on November 20, 2012.

In an effort to overcome the untimeliness of his habeas petition, Griffin relies on Emerson v. Johnson, 243 F.3d 931 (5th Cir. 2001), a case in which the Fifth Circuit determined that a petitioner's motion for reconsideration filed with the Texas Court of Criminal Appeals was properly filed for purposes of interrupting the petitioner's one-year statute of limitations.  The Emerson

---

[23]As noted above at p. 11, Griffin had until May 13, 2011, to timely file his writ application with the Louisiana Supreme Court. Griffin did not file his writ application until almost three months later, on August 8, 2011.  See supra at p. 4.

13

court's decision, however, was based upon its finding that the Texas Court of Criminal Appeals had entertained motions for reconsiderations, notwithstanding contrary state law. In other words, exceptions existed to the applicable Texas law prohibiting such motions. In contrast, there is no exception to Rule 2-18.7 of the Uniform Rules-Court of Appeal prohibiting an application for rehearing when a petitioner's writ application has been denied. See Shoemaker, supra.[24]

Though confusing, Griffin also appears to argue that the instant petition is timely based on the fact that the Louisiana First Circuit, in Civil Action No. 2011-KW-766, treated his petition for rehearing as a new post-conviction application.[25]

---

[24] Griffin cites State of Louisiana v. Thompson, No. 2009-KW-735 (La. App. 10/23/09), State Rec. Vol. 8 of 8, for the proposition that the Louisiana First Circuit has entertained a motion for reconsideration. A reading of the pertinent order shows just the opposite to be true. The court provided in pertinent part: "**REQUEST FOR REHEARING NOT CONSIDERED.** An application for rehearing will not be considered where this Court denied the original writ application. See Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9."
Griffin also relies on the dissenting opinion in Gibbs v. Louisiana Department of Public Safety and Corrections, No. 2007-CW-1066 (La. App. 1st Cir. 12/3/07), Rec. Doc. No. 16, p. 20. Pursuant to Rules 2-18.7 and 4-9, Uniform Rules of Louisiana Courts of Appeal, the majority of the Gibbs three-judge panel refused to consider Gibbs' request for rehearing. A dissenting judge, however, stated that he "would grant the rehearing." If the dissent had been the majority decision, Griffin's reliance on Gibbs may not be misplaced. However, as it is the dissent, neither this Court nor any state court is bound by the lone, dissenting judge's sentiment.

[25] See supra at n.10.

14

The fact that Griffin's petition for rehearing was treated as a new post-conviction application, Civil Action No. 2011-KW-766, does not alter this Court's finding of untimeliness.  On August 15, 2011, the Louisiana First Circuit denied Griffin's writ application.  See State v. Griffin, No. 2011-KW-766 (La. App. 1st Cir. 08/15/11); St. Rec. Vol. 8 of 8.  At that point, Griffin had 30 days, until September 14, 2011, to seek relief from the Louisiana Supreme Court.  Griffin did not file a writ application with the Louisiana Supreme Court in connection with the denial of his writ application in Civil Action 2011-KW-766.  As such, his statute of limitations commenced running on September 15, 2011, expiring 341 days later on August 21, 2012.  Griffin did not file the instant action until approximately three months later, on November 20, 2012.

Finally, Griffin seeks tolling on the basis that one of his claims "establishes his actual innocence" and that failure to review his claims "will result in a fundamental miscarriage of justice."[26]

Recently, the Supreme Court held that actual innocence, if proved, may serve as a "gateway" through which a petitioner may escape the constraints of the AEDPA's one-year statute of

---

[26]Rec. Doc. No. 16, p. 7.

limitations. McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013). That said, the Court cautioned that situations in which a claim of actual innocence can relieve a petitioner of the one-year prescription requirement are "rare." A petitioner does not meet his burden of proof unless he persuades the district court that based upon his actual innocence claim, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quotation omitted).

For the following reasons, it is evident that this is not one of those rare cases. Here, Griffin was convicted of distribution of cocaine. As evidenced by a review of the trial transcript, Griffin was essentially caught "red-handed." He met with Detective Fred Ohler and a face to face transaction took place pursuant to which Griffin handed Detective Fred Ohler a cellophane bag of crack cocaine and Ohler gave him $160. There was no doubt in Ohler's mind that Griffin was the person from whom he had purchased the crack cocaine.[27] Further, the drug transaction was partially videotaped and audio recorded.[28]

For the foregoing reasons, Griffin is not entitled to any statutory or equitable tolling and he falls far short of what is

---

[27] St. Rec. Vol. 4 of 8, p. 705-706.

[28] St. Rec. Vol. 4 of 8, pp. 700, 702-703.

required to support a McQuiggin exception to the AEDPA statute of limitations.  Accordingly;

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the petition of Roderick L. Griffin for issuance of a writ of habeas corpus under 28 U.S.C. §2254 be DISMISSED WITH PREJUDICE as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir.1996)(en banc)(citing 28 U.S.C. §636(b)(1)).[29]

New Orleans, Louisiana, this  5th  day of    December   , 2013.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[29]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.