```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

RODERICK L. GRIFFIN                                CIVIL ACTION

VERSUS                                             NO: 12-2932

JERRY GOODWIN                                      SECTION: R(5)


### ORDER AND REASONS

Before the Court is petitioner Roderick Griffin's motion for relief from judgment under Rule 60(b).[1]  The Court denies the motion because Griffin has not established exceptional circumstances justifying relief.


### I.   Background

Petitioner is a state prisoner incarcerated in the Wade Correctional Center in Homer, Louisiana.  On December 10, 2012, petitioner filed a 28 U.S.C § 2254 habeas petition raising claims of prosecutorial misconduct, denial of a complete record on appeal, insufficient evidence, ineffective assistance of trial and appellate counsel, and failure of both the trial judge and the state district attorney to recuse themselves.[2]  The Court referred the habeas petition to Magistrate Judge Alma Chasez for a Report

---

[1] R. Doc. 33.  Also pending before the Court is petitioner's motion to compel and motion for an evidentiary hearing.  R. Docs. 34 and 35.  Because the Court denies petitioner's motion for relief under Rule 60(b), the Court need not reach petitioner's motion to compel or motion for an evidentiary hearing.

[2] R. Doc. 1.

and Recommendation. On December 4, 2013, Magistrate Judge Chasez issued her Report and Recommendation recommending that the Court deny the petition as untimely under the AEDPA's one-year statute of limitations.[3] Petitioner filed timely objections to the Report and Recommendation arguing that the Magistrate Judge erred in not applying statutory and equitable tolling to his claims.[4] Petitioner also argued that the Magistrate Judge erroneously concluded that his actual innocence claim was without merit.

On April 2, 2014, the Court rejected petitioner's arguments and adopted Magistrate Judge Chasez's Report and Recommendation as its opinion.[5] The Court found that Magistrate Judge Chasez had correctly applied the standards for statutory and equitable tolling and, thus, that petitioner had failed to file his federal habeas petition within AEDPA's one-year filing deadline.[6] The Court also affirmed the Magistrate Judge's conclusion that petitioner's actual innocence claim was without merit. The Court further found that petitioner's arguments would not engender debate among reasonable jurists and denied a certificate of appealability.[7] Petitioner nevertheless sought a certificate of appealability from the Fifth

---

[3] R. Doc. 18.

[4] R. Doc. 20.

[5] R. Doc. 22.

[6] *Id.* at 9-10.

[7] *Id.* at 15.

Circuit presenting the same arguments raised in his objection to the Magistrate Judge's Report and Recommendation. On September 3, 2014, the Fifth Circuit denied petitioner's request finding that petitioner had failed to show that reasonable jurists could debate this Court's ruling that petitioner's claims were barred by AEDPA's one-year statute of limitations.[8]

Petitioner now seeks relief from this Court's order dismissing his habeas petition under Federal Rule of Civil Procedure 60(b).[9]

## II. Standard of Review

A district court has broad discretion to grant or deny a motion under Rule 60(b). *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir 1998). Under Rule 60(b), a court may grant relief from a final judgment or order only upon a showing of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;

---

[8] R. Doc. 31 at 2.

[9] R. Doc. 33.

3

>   (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
>   (6) any other reasons justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The burden of establishing at least one of these reasons is on the moving party, and the determination of whether that burden has been met rests with the discretion of the Court. *See Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

### III. Discussion

In his motion for relief from judgment, Griffin reiterates the same arguments presented in his original federal habeas petition, his objection to the Magistrate Judge's Report and Recommendation, and his motion for a certificate of appealability to the Fifth Circuit. It is well-established "that a party may not use a Rule 60(b) motion as an occasion to relitigate its case." *United States v. Davison*, 509 F. App'x 330, 332 (5th Cir. 2013) (quoting *Gen. Universal Sys. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004)). Moreover, petitioner fails to identify any defects in the integrity of these federal habeas proceedings and does not point to any exceptional circumstances warranting this Court's reconsideration of petitioner's previously rejected arguments. *See Addington v. Farmer's Elevator Mut. Inso. Co.*, 650 F.2d 663, 668 (5th Cir. 1981)

4

(affirming district court's denial of Rule 60(b) motion because plaintiff "alleged no facts indicating that the issues raised were not open to litigation in the former action or that he was denied a fair opportunity to make his claim or defense in that action"); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) ("Rule 60(b) relief will be afforded only in 'unique circumstances.'") (internal citation omitted). Simply put, "a Rule 60(b) motion may not be used as a substitute for the ordinary process of appeal . . . particularly . . . where, as here, a mistake of law is alleged as the primary ground of the appeal." *Ta Chi Navigation (Panama) Copr. S.A. v. United States*, 728 F.2d 699, 703 (5th Cir. 1984).

## IV. Conclusion

For the foregoing reasons, petitioner's motion to set aside the judgment is DENIED. Petitioner's motion to compel and motion for an evidentiary hearing are DENIED AS MOOT.

New Orleans, Louisiana, this ___12th___ day of June, 2015.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE